**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAIRA VENTURA-TORRES, a.k.a. Martha Villatoro-Gomez,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 11-73914<br><br>Agency No. A094-802-140<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 13, 2014[**]

Before:      SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

Maira Ventura-Torres, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' order summarily affirming an

immigration judge's decision denying her application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). Our

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's finding that Ventura-Torres did not demonstrate her past experiences or any future harm were or would be on account of a protected ground. *See Molina-Morales v. INS*, 237 F.3d 1048, 1051-52 (9th Cir. 2001); *Zetino v. Holder*, 622 F.3d 1007, 1015-16 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). We lack jurisdiction to consider Ventura-Torres's unexhausted contentions that she is a member of a particular social group of females or a member of a political group that opposed the MS-13 gangs. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004). We also lack jurisdiction to consider Ventura-Torres's unexhausted contention that she is eligible for asylum even in the absence of well-founded future fear. *See id.* Accordingly, Ventura-Torres's asylum and withholding of removal claims fail. *See Molina-Morales*, 237 F.3d at 1052.

Finally, substantial evidence also supports the agency's denial of CAT relief because Ventura-Torres failed to establish that it is more likely than not she will be

tortured by or with the acquiescence of the government of El Salvador.  *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**